[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Samantha Raisor, appeals the judgment of the Hamilton County Juvenile Court granting permanent custody of her minor children to the Hamilton County Department of Jobs and Family Services ("HCJFS"). For the following reasons, we affirm the judgment of the juvenile court.
 {¶ 3} HCJFS became involved with the Raisor family in 2002, when investigators reported that the two older children, Daniel and Carmen, were living in an environment of domestic violence, substance abuse, and general neglect. The children were taken from Raisor and her husband, and ultimately placed in the temporary custody of HCJFS. A third child, Jessy, was born in 2001, while Raisor was in a residential treatment facility for her drug addiction.
 {¶ 4} In 2002, HCJFS filed a petition for permanent custody, and the case proceeded to trial. At trial, HCJFS presented evidence that Raisor had become addicted to Vicodin after sustaining serious injuries at the hands of her husband. She had entered treatment in the CCAT program when the two older children were removed from her custody, but the CCAT program had discharged her after she had intentionally overdosed on drugs while at the facility.
 {¶ 5} Raisor then completed the residential and outpatient portions of the First Step program but was terminated from aftercare for violating a court order to have no contact with her husband. The evidence indicated that she had also failed to attend even half of the requisite number of Alcoholics Anonymous (AA) meetings outlined in her recovery plan and had failed to submit to two separate urine screenings. Moreover, the evidence indicated that she continued to have contact with her husband in violation of the court order. HCJFS also presented evidence that her husband had failed to complete the required domestic-violence program and that he had continued to abuse alcohol after the children had been removed from the Raisors' custody.
 {¶ 6} The HCJFS worker assigned to the case, as well as the court-appointed guardian ad litem for the children, both expressed the opinion that an award of permanent custody would be in the best interest of the children because of Raisor's unresolved substance abuse issues and because of her unwillingness to stay away from her husband until he had resolved his alcohol and domestic-violence issues. A magistrate recommended the award of permanent custody, and, after objections, the juvenile court adopted the decision of the magistrate.
 {¶ 7} In her first assignment of error, Raisor argues that the juvenile court erred in relying on a urine screen that was neither authenticated nor admitted into evidence. During the permanent-custody trial, the magistrate ordered that Raisor submit to a urine screen. Although Raisor apparently agreed to the test, she argues that the failure of the court to require HCJFS to properly introduce the test into evidence was erroneous.
 {¶ 8} We agree that the magistrate erred in relying on the test without the proper procedural safeguards of authentication and the preservation of the evidence for judicial review. Nonetheless, we find the error harmless. As we discuss under the second and third assignments of error, HCJFS presented ample evidence, apart from the contested drug screen, to justify the award of permanent custody. Although the magistrate mentioned the drug screen, it was not central to her decision, and the court did not explicitly rely on the screen in its judgment adopting the magistrate's decision. The first assignment of error is overruled.
 {¶ 9} In her second assignment of error, Raisor argues that the juvenile court erred in holding that the children could not be placed with her within a reasonable time. Specifically, she argues that the court erred in finding that HCJFS had made "diligent efforts" under R.C.2151.414(E)(1) to assist her in remedying the problems that had caused the children to be removed from her custody.
 {¶ 10} We find no merit in this assignment of error. The record indicates that the department facilitated Raisor's placement in two different residential treatment programs but that it was Raisor's misconduct that led to her failure to complete them. Similarly, although Raisor argues that HCJFS should have done more to secure drug screens for her, the evidence was that Raisor failed to attend the scheduled drug screenings. Finally, Raisor fails to explain how any deficiency on the part of HCJFS prevented her from attending the requisite number of AA meetings or caused her to maintain contact with her abusive husband. The second assignment of error is overruled.
 {¶ 11} In her third and final assignment of error, Raisor argues that the juvenile court erred in finding that permanent custody was in the best interest of the children. The juvenile court was required to determine whether permanent custody was in the best interest of the child pursuant to R.C. 2151.414(B)(1). In making this determination, the court was required to "consider all relevant factors," including those specified in R.C. 2151.414(D). A finding that the termination of parental rights is in the best interest of a child must be supported by clear and convincing evidence.[1] Clear and convincing evidence is more than a mere preponderance of the evidence; it is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.[2] A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.[3]
 {¶ 12} In the case at bar, the judgment of the juvenile court was supported by ample evidence. HCJFS presented evidence that Raisor had failed to complete two different drug treatment programs and had failed to follow through with recovery through AA meetings. She had failed to attend scheduled drug screenings and continued to have contact with her husband despite his unresolved problems with substance abuse and domestic violence. The court was presented with evidence that, under the circumstances, Raisor could not provide the children with a stable and caring environment.
 {¶ 13} Raisor emphasizes that, during her visits with the children, she interacted with them appropriately. But the juvenile court was permitted to give greater weight to the evidence of her unresolved substance-abuse issues.[4] And while Raisor argues that the juvenile court gave "short shrift" to certain statutory factors, our review of the record convinces us that the court properly weighed all the factors in reaching its decision. The third assignment of error is overruled, and the judgment of the juvenile court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] R.C. 2151.414(B)(1).
[2] See In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613.
[3] See In re Harris, 1st Dist No. C-020512, 2003-Ohio-672, at ¶ 16.
[4] Id. at ¶ 19.